**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAL SMITH, | No. 11-57054 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-08066-PA-RCF |
| v. | |
| LARRY SMALL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 5, 2014[**]
Pasadena, California

Before: BYBEE and IKUTA, Circuit Judges, and ZILLY, Senior District Judge.[***]

Jamal Smith appeals the district court's denial of his petition for a writ of

habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas S. Zilly, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

The California Court of Appeal determined that Smith's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated when the trial court admitted Smith's statement to the police denying knowledge of how his fingerprints appeared on the duct tape found on the victim's body. This determination was not an unreasonable application of Supreme Court precedent. *See Byrd v. Lewis*, 566 F.3d 855, 861–62 (9th Cir. 2009). Nevertheless, this *Miranda* violation did not "ha[ve] substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks omitted), in light of the overwhelming evidence of Smith's guilt, including the facts that only Smith's fingerprints were found on the duct tape that caused the victim's asphyxiation and that there was evidence that Smith had left the fingerprints when applying the duct tape. Given the overwhelming evidence of guilt, the prosecutor's repetition of Smith's statement did not substantially sway the jury's verdict. *Cf. Hurd v. Terhune*, 619 F.3d 1080, 1090–91 (9th Cir. 2010). Accordingly, we conclude that the *Miranda* error was harmless.

The California Court of Appeal's determination that the prosecutor did not violate Smith's due process rights when the prosecutor discussed his out-of-court conversation with the state's fingerprint expert was not contrary to, or an

unreasonable application of *Darden v. Wainwright*, 477 U.S. 168 (1986).  The prosecutor's comments "did not manipulate or misstate the evidence" and the trial court instructed the jury that its "decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence."  *Id.* at 182. Nor was the California Supreme Court's rejection of Smith's Confrontation Clause claim contrary to, or an unreasonable application of clearly established Supreme Court precedent, because no Supreme Court case holds that a prosecutor's introduction of hearsay during closing arguments renders the prosecutor a witness subject to cross examination.  *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**